UNITED STATES DISTRICT COURT
DISTRICT COURT OF OREGON
PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| VS. | § | CASE NO. 10-CR-506 KI |
| | § | |
| HOSSEIN LAHIJI (1) | § | |
| Defendant | § | |
| | § | |

MOTION TO COMPEL DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MICHAEL MCCRUM, Attorney with the McCrum Law Office, on behalf of Defendant Hossein Lahiji, and brings this Motion to Compel Disclosure of information believed to be exculpatory in nature.

At the inception of this case, the government gave notice to defendants that it was in possession of classified material that it intended to introduce as evidence derived from electronic surveillance and physical searches pursuant to the Foreign Intelligence Surveillance Act of 1978. *See Docket No. 6.* As this Court is aware, undersigned counsel was cleared to review said classified material, and has done so as part of the discovery procedure in this case.

Without disclosing the substance of the material reviewed by undersigned counsel, said material encompassed surveillance conducted between September 8, 2004 and May 19, 2005, over several communication devices (referred to in this motion as the "Disclosed Window of Surveillance"). The indictment filed against defendants Lahiji and Vahid, however, charges criminal conduct that purportedly occurred "[b]eginning in or around May, 1995, and continuing through until at least July, 2008."

During the review of the classified material, it became apparent to undersigned counsel that it is possible that not all material available to the government is being provided to undersigned counsel for review and inspection. Even more problematic, government counsel has

indicated to undersigned counsel that they are prohibited from affirming or denying to the defense whether such material even exists.

### A. Material "Inside" the Disclosed Window of Surveillance.

We know that certain electronic communications are known to have occurred during the Disclosed Window of Surveillance. It also is true, however, that communications that occurred "inside" the Disclosed Window of Surveillance (i.e., communications occurring within the time period of the disclosed surveillance) were not provided to undersigned counsel for review. Defendants possess their cellular telephone bills that provide documentary proof that lengthy telephone calls occurred *inside*, or within, the Disclosed Window of Surveillance. Government counsel indicated to undersigned counsel that the electronic interception ran continuously on a 24 hour/day basis, and was designed to capture recordings of all communications, without minimization. Therefore, all of the calls should have been recorded. The records and recordings provided to undersigned counsel by the government, however, failed to include records or recordings of all of said calls, many of which are believed to contain exculpatory evidence.

### B. Material "Outside" the Disclosed Window of Surveillance.

For reasons that undersigned counsel cannot disclose to government counsel due to the work-product privilege, defendants Lahiji and Vahid believe that certain electronic communications that occurred *outside* the Disclosed Window of Surveillance contain exculpatory information that can be used by defendants in their defense. As a result, undersigned counsel inquired of government counsel to disclose whether either defendant Lahiji or Vahid was intercepted on any electronic surveillance outside the Disclosed Surveillance Window and therefore the government would be in possession of recordings containing exculpatory evidence. Government counsel indicated that they were prohibited from affirming or denying that defendant Lahiji and/or Vahid were intercepted outside the Disclosed Surveillance Window or in any other way not otherwise disclosed. Government counsel agreed to make inquiry of the appropriate government officials in Washington D.C. as to whether a disclosure could be made

2

to defendants in order to affirm or deny whether either or both were intercepted outside the Disclosed Surveillance Window or otherwise. At this time, defendants Lahiji and Vahid have no way of identifying whether there exists recordings of communications they believe would be exculpatory in nature. The government is in exclusive control of that information.

Accordingly, defendants seek an order from this Court compelling the government to disclose and provide (1) recordings of all communications during the Disclosed Window of Surveillance, and (2) recordings of all communications by defendant Lahiji and/or Vahid outside the Disclosed Window of Surveillance.

Except to the extent that government counsel has agreed to make inquiry with Washington D.C. as noted above, government counsel has indicated that is has disclosed all surveillance that it has been authorized to disclose and which has already been produced.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Hossein Lahiji respectfully prays that this Court grant this motion and compel the government to make all disclosures described above, and for such other and further relief as this Court may deem appropriate.

>
> Respectfully submitted,
>
> /s/ Michael W. McCrum
> Michael W. McCrum
> MCCRUM LAW OFFICE
> 700 N. St. Mary's Street, Suite 1900
> San Antonio, TX 78205
> (210) 225-2285
> (210) 225-7045 (fax)
> michael@mccrumlegal.com
> Attorney for Defendant Hossein Lahiji

## Certificate of Service

    I hereby certify that a copy of the above and foregoing Motion has been filed electronically, on this the 6th day of July, 2012 and a copy sent to the United States Attorney's Office and all other counsel (retained and local counsel) through the court's electronic filing system.

                                                /s/   Michael  W. McCrum
                                                Michael W. McCrum

UNITED STATES DISTRICT COURT
DISTRICT COURT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| Plaintiff, § | |
| VS. § | CASE NO. 10-CR-506 KI |
| § | |
| HOSSEIN LAHIJI (1) § | |
| Defendant § | |
| § | |

ORDER

THIS MATTER having come before the Court on Defendant Hossein Lahiji's Motion to Compel Disclosure, the Court finds the requested relief is made for good cause and the motion should be granted in the interest of justice.

IT IS HEREBY ORDERED that the Defendant's Motion to Compel Disclosure is hereby granted, and the government is directed to disclose and produce to defendants Lahiji and Vahid all intercepted communications in which either or both was a party to the communication, including all communications that occurred between September 8, 2004 through May 19, 2005, all communications that were intercepted before September 8, 2004, and all communications that were intercepted after May 19, 2005.

SIGNED AND ENTERED, on this the _____ day of _____, 2012.

_____
GARR M. KING
UNITED STATES DISTRICT JUDGE