UNITED STATES DISTRICT COURT
DISTRICT COURT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| Plaintiff, § | |
| VS. § | CASE NO. 10-CR-506 KI |
| § | |
| HOSSEIN LAHIJI (1) § | |
| Defendant § | |
| § | |

MOTION TO SUPPRESS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MICHAEL MCCRUM, Attorney with the McCrum Law Office, on behalf of Defendant Hossein Lahiji, and brings this Joint Motion to Suppress.

The government has conducted numerous searches in 2004, 2005, 2008 and 2011 that resulted in the seizure of property. It appears that government intends to introduce evidence at trial that was derived from the following searches and seizures:

1. The interception of electronic communications of numerous telephones in 2004 and 2005, including two cellular telephones situated in Texas and owned and utilized by defendants Lahiji and Vahid, a "hard-line" telephone situated within the Texas residence of defendants Lahiji and Vahid, and telephones situated in Portland, Oregon, owned and controlled by Mehrdad Yasrebi;

2. The search and seizure of property from the residences of defendants Lahiji and Vahid in 2008 and 2011, situated at 120 Cardinal Avenue, McAllen, Texas and 306 Cypress Trail, San Antonio, Texas;

3. The 2011 searches and seizures of property from the medical office work space used by defendants Lahiji and Vahid situated at 801 E. Nolana, Suite 20, McAllen, Texas; and,

4. The 2011 searches and seizures of property from the storage office locations situated at 801 E. Nolana, Suite 6, McAllen, Texas.

On July 5, 2012, defendant Vahid filed a motion to suppress evidence and supporting memorandum, which seeks suppression of all property seized as a result of the searches referenced above. Defendant Lahiji adopts said motion and memorandum of law as if incorporated in this motion to suppress. In addition to the arguments set forth in said motion and memorandum, defendant Lahiji asserts the following.

FISA was enacted in 1978 and designed to provide a codified framework for foreign intelligence gathering within the confines of the United States in response to civil liberties concerns and the gap in the law noted by the Supreme Court in *United States v. United States District Court (Keith, J.),* 407 U.S. 297, 308-08 (1972). FISA explicitly limits the targeting of "U.S. persons," which includes U.S. citizens. 50 U.S.C. § 1801 (i). Among other constraints imposed by FISA, §1801(a)(3(A) provides that a U.S. person may not be considered an agent of a foreign power "solely upon the basis of activities protected by the first amendment to the Constitution of the United States." FISA provides specific minimization procedures with respect to U.S. persons. 50 U.S.C. § 1805(a)(4).

Several courts held that in order for FISA to satisfy constitutional standards, the "primary purpose" of the FISA surveillance must be for intelligence gathering, rather than a criminal investigation. *See United States v. Duggan*, 743 F.2d 59, 77 (2d Cir. 1984); *United States v. Johnson*, 952 F.2d 565, 572 (1st Cir. 1992). This standard prevailed for nearly twenty years until the PATRIOT Act amended FISA and expanded the requirement that the purpose of the surveillance be to obtain foreign intelligence information to a requirement that 'a significant purpose of the surveillance' is to obtain foreign intelligence. 50 U.S.C. §§ 1804(a)(7)(B) & 1823(a)(7)(B). Defendants assert that this fails to meet constitutional standards of due process.

Regardless of the standard, the apparent purpose of the electronic surveillance was to conduct a criminal investigation as opposed to foreign intelligence. If for no other reason referenced in defendant Vahid's motion to suppress and supporting memorandum of law, this

reason alone supports a finding that the searches and seizures referenced above should be suppressed.

Government counsel has indicated that the government opposes this motion.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Hossein Lahiji respectfully prays that this Court grant this motion and suppress all evidence derived from the searches and seizures described in this motion, and for such other and further relief as this Court may deem appropriate.

        Respectfully submitted,

        /s/ Michael W. McCrum
        Michael W. McCrum
        MCCRUM LAW OFFICE
        700 N. St. Mary's Street, Suite 1900
        San Antonio, TX 78205
        (210) 225-2285
        (210) 225-7045 (fax)
        michael@mccrumlegal.com
        Attorney for Defendant Hossein Lahiji

**Certificate of Service**

I hereby certify that a copy of the above and foregoing Motion has been filed electronically, on this the 6th day of July, 2012 and a copy sent to the United States Attorney's Office and all other counsel (retained and local counsel) through the court's electronic filing system.

        /s/ Michael W. McCrum
        Michael W. McCrum

3

UNITED STATES DISTRICT COURT
DISTRICT COURT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| Plaintiff, § | |
| VS. § | CASE NO. 10-CR-506 KI |
| § | |
| HOSSEIN LAHIJI (1) § | |
| Defendant § | |
| § | |

ORDER

THIS MATTER having come before the Court on Defendant Hossein Lahiji's Motion to Suppress, the Court finds the requested relief is made for good cause and the motion should be granted in the interest of justice.

IT IS HEREBY ORDERED that the Defendant's Motion to Suppress is hereby granted, and all evidence seized from the following searches and seizures be suppressed:

1. The interception of electronic communications of numerous telephones in 2004 and 2005, including two cellular telephones situated in Texas and owned and utilized by defendants Lahiji and Vahid, a "hard-line" telephone situated within the residence of defendants Lahiji and Vahid at 120 Cardinal, McAllen, Texas, and telephones situated in Portland, Oregon, owned, used and/or controlled by Mehrdad Yasrebi and Child Foundation representatives;

2. The search and seizure of property from the residences of defendants Lahiji and Vahid in 2008 and 2011, situated at 120 Cardinal Avenue, McAllen, Texas and 306 Cypress Trail, San Antonio, Texas;

3. The 2011 searches and seizures of property from the medical office work space used by defendants Lahiji and Vahid situated at 801 E. Nolana, Suite 20, McAllen, Texas; and,

4. The 2011 searches and seizures of property from the storage office locations situated at 801 E. Nolana, Suite 6, McAllen, Texas.

SIGNED AND ENTERED, on this the \_\_\_\_\_ day of _____, 2012.

_____
GARR M. KING
UNITED STATES DISTRICT JUDGE