UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Criminal Case No. 3:10-506-KI |
| Plaintiff, | OPINION AND ORDER ON FISA-RELATED MOTIONS |
| v. | |
| **HOSSEIN LAHIJI; NAJMEH VAHID; AND AHMAD IRANSHAHI, a.k.a. "Farhad,"** | |
| Defendants. | |

    S. Amanda Marshall
    United States Attorney
    District of Oregon
    Charles F. Gorder, Jr.
    David L. Atkinson
    Assistant United States Attorneys
    1000 SW Third Ave., Suite 600
    Portland, OR 97204-2902

        Attorneys for Plaintiff

Michael W. McCrum
700 N. St. Mary's Street
Suite 1900
San Antonio, TX 78205

      Attorney for Defendant Lahiji

Joe A. Cisneros
The Cisneros Law Firm, LLP
312 Lindberg Ave.
McAllen, TX 98501

      Attorney for Defendant Vahid

KING, Judge:

Defendants Hossein Lahiji and Najmeh Vahid (as well as fugitive Ahmad Iranshahi) are charged in a two-count Indictment with conspiracy to defraud the United States and conspiracy to transfer funds overseas to promote a violation of the Iranian embargo. Pending before me are the remaining four of the approximately twenty motions filed by defendants, as well as the government's request that I review materials *in camera* and *ex parte* and find they were lawfully obtained under the Foreign Intelligence Surveillance Act ("FISA") and should not be disclosed to the defense.

## BACKGROUND

The first count of the two-count indictment alleges a "Klein" conspiracy–that defendants defrauded the United States by "impeding, impairing, obstructing, and defeating" the Office of Foreign Assets Control ("OFAC") in the administration and enforcement of the Iranian embargo (imposed pursuant to the International Economic Emergency Powers Act–"IEEPA"). Indict.

¶ 12(1); United States v. Klein, 247 F.2d 908, 915 (2d Cir. 1957). It also charges defendants with defrauding the United States by "impeding, impairing, obstructing, and defeating" the IRS "by deceitful or dishonest means in the oversight of organizations exempt from income tax under Section 501(c)(3) of the Internal Revenue Code and in the ascertainment, computation, assessment and collection of the revenue, that is, income taxes[.]" Id. at ¶ 12(2).

The second count charges defendants with conspiracy to commit money laundering. Specifically, they are charged with transporting, transmitting, and transferring monetary instruments and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity–a violation of the Iranian embargo. Id. at ¶ 21.

The government filed a notification on January 3, 2011, alerting defendants and the Court of its intent to use evidence acquired and derived from electronic surveillance of the defendants and physical searches conducted pursuant to FISA, 50 U.S.C. §§ 1801-1812, and §§ 1821-1829.[1]

Pending before the Court are the remaining four motions filed by defendants Lahiji and Vahid, prompted in large part by the government's FISA notification: Vahid's Motion for Discovery of Classified Materials [97]; Lahiji's Motion to Declare Unconstitutional the Classified Information Procedures Act & Motion to Compel Disclosure of Classified Discovery [109]; Lahiji's Motion to Suppress [113]; and Vahid's Motion to Suppress [95]. They each adopt the other's arguments. Rather than deal with these motions separately, and risk repeating myself, I will address the pertinent issues raised by the defendants.

---

[1] Hereinafter, I will cite only those provisions of FISA pertaining to electronic surveillance, 50 U.S.C. §§ 1801-1812. The provisions related to physical searches in FISA are almost identical, 50 U.S.C. §§ 1821-1829.

Additionally, the government asks the Court to: (1) conduct an *in camera*, *ex parte* review of the FISA materials; (2) find that the FISA information at issue was lawfully acquired and that the electronic surveillance and physical searches were made in conformity with an order of authorization or approval; and (3) order that none of the FISA materials, nor any of the classified information contained therein, be disclosed to the defense, and instead, that they be maintained under seal by the Classified Information Security Officer or his designee. Along with this request, it has filed a declaration from Attorney General Eric Holder, Jr., stating "it would harm the national security of the United States to disclose or to hold an adversarial hearing with respect to the FISA Materials." Holder Decl. ¶ 3 [155].

I.   Applications Made to the Foreign Intelligence Surveillance Court ("FISC")

I recently extensively summarized FISA's procedures in an Opinion and Order in United States v. Mohamud, No. 3:10-CR-475-KI (D. Or. May 7, 2012), ECF No. 126 (hereinafter, "Mohamud May 2012 O&O") and I do not repeat that framework here.

Defendants seek disclosure of the FISC applications, order and materials authorizing the searches of defendants. If this request is denied, defendants request the Court undertake a *de novo*,[2] *in camera* review of the material to confirm compliance with FISA's strictures. Defendants question whether the government has satisfied the following FISA requirements:

---

[2]As I set out in the Mohamud May 2012 O&O, federal courts disagree about whether the FISC's probable cause determination is entitled to deference or whether it should be reviewed *de novo*. The Ninth Circuit has not addressed the standard of review. I use the *de novo* standard, in an abundance of caution.

(1) a "significant purpose" of the warrant was to obtain foreign intelligence;[3] (2) probable cause to issue the warrant; (3) the certification of an executive branch official; (4) a statement of the proposed minimization procedures to protect against dissemination of material; and (5) the period of time for surveillance.  See 50 U.S.C. §§ 1804(a), 1805; Mohamud May 2012 O&O.

I made a careful, *de novo*, *ex parte* review of the FISA applications and I draw the following conclusions:  (1) the applications contain all of the required information, as specified in 50 U.S.C. § 1804(a); (2) the applications contain the required certifications, from an appropriate high-ranking official of the United States government, and the certifications are not clearly erroneous; (3) the applications contain sufficient information to support the FISC's probable cause determinations, and (4) the proposed minimization procedures meet FISA's requirements.  I find the FISC lawfully authorized the FISA searches.  I also find the government agents followed appropriate minimization procedures and conducted the surveillance within the time periods authorized by the FISA orders.  Thus, I conclude the FISA surveillance was lawfully conducted.

I find the government's filed materials were adequate, the surveillance was "lawfully authorized and conducted," and due process does not require discovery or disclosure.  As a result, I deny defendants' motions to compel disclosure of the FISA application and warrant and their motions to suppress evidence obtained as a result of the searches conducted pursuant to FISA.

---

[3]Defendants argue the "significant purpose" test–changed from "the purpose" by the U.S. Patriot Act–violates their due process rights.  USA Patriot Act of 2001, Pub. L. 107-56, § 218, 115 Stat. 291.  In Mohamud, I concluded the "significant purpose" test did not violate the defendant's Fourth Amendment rights.  Mohamud May 2012 O&O.  Defendants do not explain how the standard used violates their *due process rights*; in any event, I evaluated FISA's procedures at length and concluded, based on substantial case authority, that they did not violate a defendant's due process rights.  Id., slip op. at 9-12.

See 50 U.S.C. § 1806(f), (g) (describing *ex parte*, *in camera* procedures and court's suppression authority if surveillance not authorized or conducted according to law).  I order that the FISA materials, and the classified information contained therein, be maintained under seal by the Classified Information Security Officer or his designee.

II.     Classified Evidence

As an initial matter, the government has undertaken extraordinary efforts to produce evidence in this case.  As of last August, the government had produced 177 disks, up to Bates number 375,887.  It had also arranged for security clearances for defense counsel and staff, declassified materials, and organized "hot documents" in notebooks to identify critical materials.

Nevertheless, defendants seek access to any remaining, but undisclosed, classified evidence, and seek permission to allow counsel to share classified materials with defendants. They argue the government has not identified a danger requiring continuing non-disclosure, nor has the government explored the possibility of disclosing materials under protective measures. Although they have been given access to classified evidence, defense counsel assert their performance is hampered by their inability to discuss with defendants the classified information to which counsel has access; indeed, many of the communications are in Farsi.  They also believe the government has not disclosed evidence that is helpful and material to the defense.  Finally, defense counsel is concerned about the following dilemma:  "testify with the possibility of unwittingly saying something contrary to secret-as-yet-undisclosed classified information [or] forgo testifying because of the inability to prepare for such testimony[.]"  Def.'s Mot. to Declare CIPA Unconstitutional 4.

The government concedes classified information makes the job harder for defense counsel. However, the government has done what it can to lighten the burden; Congress enacted the Classified Information Procedures Act ("CIPA") specifically to deal with the concerns raised by defense counsel. See 18 U.S.C. app. 3. I used CIPA in reviewing classified information in Mohamud, and other courts have held CIPA to be constitutional. Mohamud, No. 3:10-CR-475-KI, 2012 WL 4594746 (D. Or. Oct. 2, 2012), ECF No. 203 (applying CIPA) (hereinafter, "Mohamud October 2012 O&O"); United States v. Hashmi, 621 F. Supp. 2d 76, 80 (S.D.N.Y. 2008) ("the constitutionality of the statute has been tested repeatedly and uniformly upheld"); In re Terrorist Bombings of U.S. Embassies in E. Africa, 552 F.3d 93, 126-30 (2nd Cir. 2008) (no violation of Fifth or Sixth Amendment rights when counsel had access to classified materials); United States v. Yunis, 924 F.2d 1086, 1094 (D.C. Cir. 1991) (CIPA did not violate Fifth or Sixth Amendment rights); United States v. Jolliff, 548 F. Supp. 229, 231-32 (D. Md. 1981) (appropriate to use *ex parte*, *in camera* procedure); United States v. Lee, 90 F. Supp. 2d 1324 (D. N.M. 2000) (no violation of Fifth Amendment right to remain silent or testify). Here, the government has explained its reasons for not disclosing certain classified information, even to defense counsel with security clearances. See, e.g., Unclassified Order Approving in Part and Denying in Part the Deletion of Classified Information from Discovery [165]. I have no reason to question the government's explanation.

With respect to defense counsel's concerns about communications in Farsi, the government has declassified all recorded conversations in Farsi which involve one of the defendants as a participant. The government has also made available to defense counsel the classified English language summaries of recorded, classified Farsi conversations involving co-

Page 7 - OPINION AND ORDER ON FISA-RELATED MOTIONS

conspirators. Additionally, the government declassified those recordings defense counsel thought were necessary for the defense of the case. The government agrees to request declassification of any other piece of classified evidence counsel believes they need.

To the extent defendants believe other classified materials exist to which they are not permitted access, but which are relevant and helpful to the defense, I am relying on the government to comply with its discovery obligations and file for the appropriate order under CIPA. I underscore that the government is to comply with the standards for disclosing exculpatory and classified evidence as set out in the <u>Mohamud</u> October 2012 O&O.

Based on the government's continuing responsiveness to the concerns of defense counsel, and cases holding CIPA constitutional, defendants' motions compelling disclosure of classified evidence are denied. In addition, contrary to defendants' contention, I find no violation of defendants' Fourth, Fifth or Sixth Amendment rights.

III.     <u>Remaining Suppression Arguments</u>

Defendants also seek the materials related to the search warrants issued on their residences in 2008, and the storage area and medical offices in 2011. Defendants should have these materials by now.

Defendants generally argue any material obtained illegally should be suppressed.

Since I have upheld the FISA warrants, any reference to FISC-authorized electronic surveillance in the 2008 warrant affidavit supporting the searches of defendants' residences does not undermine the validity of the search warrants. I see no reason to question that the warrants were supported by probable cause.

Similarly, defendants articulate no specific challenge to the 2011 search warrants of the medical office and storage area, nor do they argue suppression is warranted because FISC-authorized electronic surveillance led to the criminal investigation for Medicare fraud. Even if they did, because I have found the electronic surveillance conducted pursuant to FISA was lawful, I would reject the argument.

Since I find no reason to suppress the 2008 and 2011 search warrants, I need not address the government's alternative good faith argument.

## CONCLUSION

For the foregoing reasons, except to the extent my conducting an *ex parte*, *in camera* review of the FISA materials was triggered by defendants' request, I deny defendants' Motion for Discovery of Classified Materials [97], Motion to Declare Unconstitutional the Classified Information Procedures Act & Motion to Compel Disclosure of Classified Discovery [109], Motion to Suppress [113], and Motion to Suppress [95].

IT IS SO ORDERED.

DATED this ____12th____ day of February, 2013.

                                               /s/ Garr M. King
                                               Garr M. King
                                               United States District Judge